IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE COUNCE,

        **Plaintiff,**

  v.              CASE NO. 18-3261-SAC

JOSE GUERRA, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

  Plaintiff Jesse Counce, a pretrial detainee being held at the Allen County Law Enforcement Center in Iola, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*.

  Plaintiff's complaint (ECF No. 1) alleges misconduct on the part of two of his appointed defense attorneys, Debra Erickson and Dwight Alexander, and on the part of the prosecutor, Jose Guerra, in his pending state prosecution.[1] According to the complaint, Defendant Erickson was "relieved of duties" as Mr. Counce's defense attorney due to lack of communication, comments indicating she was not "in [Mr. Counce's] favor", failure to contact any of his five witnesses, giving exculpatory evidence about Plaintiff's alibi and witnesses to Prosecutor Guerra, coming to a hearing with Prosecutor Guerra and giving Plaintiff an "inappropriate smile", and stating she was

---

[1] Plaintiff has been charged in Wyandotte County District Court with a violation of K.S.A. 21.5413(b)(1)(A), aggravated battery - knowingly causing great bodily harm or disfigurement. *State v. Counce*, 2017-CR-001191, www.kansas.gov .

1

not going to file any motions in defense of Mr. Counce. ECF No. 1 at 2, 4, 8, 11. The state court judge then appointed Defendant Alexander to represent Mr. Counce, and Defendant Guerra attempted to "prejudice his mind towards [Mr. Counce]" by mentioning to him a 1994 prosecution of Plaintiff in which he was found not guilty. *Id.* at 10. Plaintiff further complains Defendant Guerra "coerced" the State's main witness at a preliminary hearing by asking her only "yes and no questions," and Defendant Alexander failed to object. *Id.* at 10-11. Finally, Plaintiff complains Defendant Alexander has also said he is not going to file any motions on Plaintiff's behalf, and he has not contacted Plaintiff's witnesses. *Id.* at 11.

On November 16, 2018, the Court entered a Memorandum and Order to Show Cause (MOSC) (ECF No. 4), ordering Plaintiff to show cause by December 17, 2018, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff promptly filed a response to the MOSC on November 30, 2018.

In his response, Mr. Counce does not directly address the MOSC. Instead, he provides the Court with details about his alleged alibi and exculpatory witnesses. This is information properly provided to his defense attorney in his pending state prosecution. As explained in the MOSC, Plaintiff's request for the Court to intervene in that pending prosecution must be denied based on the *Younger* abstention doctrine. *See Younger v. Harris,* 401 U.S. 37, 45 (1971). Moreover, to the extent Mr. Counce is asking for release from custody, habeas corpus relief is his exclusive remedy, but a habeas petition would be premature because he has not exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); 28 U.S.C. § 2254(b)(1).

Mr. Counce also does not address the fact that all three of the defendants are subject to dismissal. Ms. Erikson and Mr. Alexander are not state actors and thus not subject to liability under § 1983, and Mr. Guerra is entitled to prosecutorial immunity. See *Polk County v. Dodson*,

454 U.S. 312, 325 (1981); *see also Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008).

Plaintiff has not shown good cause why his complaint should not be dismissed. Therefore, the complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 10th day of December, 2018, at Topeka, Kansas.

       **s/ Sam A. Crow**
       **SAM A. CROW**
       **U.S. Senior District Judge**